*Gumbs v. Towns*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-four.

Present:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

SECUNDA GUMBS,

>> *Petitioner-Appellant*,

>> v. 23-7244

DARRYL C. TOWNS, CHAIRPERSON, NEW YORK STATE BOARD OF PAROLE,

>> *Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT: ALYSSA BARNARD-YANNI (Christopher J. Cariello, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, NY; David Bernstein, *on the brief*, Office of the Appellate Defender, New York, NY.

FOR RESPONDENT-APPELLEE: EMILY ALDRIDGE (Yael V. Levy, David M. Cohn, and Beth R. Kublin, *on the brief*), *for*

Darcel D. Clark, District Attorney for Bronx County, Bronx, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner Secunda Gumbs was convicted in New York State court of criminal possession of two firearms. At Gumbs's jury trial, the state introduced a non-*Mirandized* statement that Gumbs had made while handcuffed during the execution of a search warrant of his apartment. Gumbs appealed his conviction to the Appellate Division, First Department, claiming that the admission of that statement violated the exclusionary rule established in *Miranda v. Arizona*, 384 U.S. 436 (1966). The First Department rejected the argument and found the admission harmless in any event. Gumbs filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition but granted a certificate of appealability. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant or denial of habeas corpus *de novo*." *Jordan v. Lamanna*, 33 F.4th 144, 150 (2d Cir. 2022) (cleaned up). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

2

of the United States." *Id.* § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 413 (2000). Additionally, "[w]hen a state court has ruled on the merits of a state prisoner's claim, a federal court cannot grant relief without first applying" two tests. *Brown v. Davenport*, 596 U.S. 118, 122 (2022). First, under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), "habeas relief is not warranted unless, in light of the record as a whole, [the constitutional violation] had *substantial* and *injurious* effect or influence in securing the defendant's conviction." *Perkins v. Herbert*, 596 F.3d 161, 175 (2d Cir. 2010) (cleaned up). Second, a petitioner must show that no "fairminded juris[t] could reach the state court's conclusion" that the violation was harmless under *Chapman v. California*, 386 U.S. 18 (1967). *Brown*, 596 U.S. at 135 (cleaned up); *see also Gutierrez v. McGinnis*, 389 F.3d 300, 306 (2d Cir. 2004) ("[W]hen a state court explicitly conducts harmless error review of a constitutional error, a habeas court must evaluate whether the state unreasonably applied *Chapman*.").

Here, even assuming the state court unreasonably applied clearly established Supreme Court precedent in allowing the prosecution to use the non-*Mirandized* statement, we affirm the judgment of the district court because Gumbs cannot show that any error had a "substantial and injurious" effect in securing his conviction.

"In assessing whether the erroneous admission of evidence had a substantial and injurious effect on the jury's decision, [we consider] the importance of the . . . wrongly admitted [evidence], and the overall strength of the prosecution's case." *Wood v. Ercole*, 644 F.3d 83, 94 (2d Cir. 2011) (cleaned up). Indeed, "[t]he strength of the prosecution's case, absent the erroneously admitted evidence, is probably the single most critical factor in determining whether [the] error was harmless." *Id.* (cleaned up). Under that standard, Gumbs fails to establish prejudice, as the

3

case against him was strong even without the contested evidence.

The prosecution had to prove that Gumbs knowingly possessed the two firearms found in his bedroom closet. The record established that Gumbs lived alone in his one-bedroom apartment, kept his clothing in his bedroom closet, and hid his money in a safe in his bedroom closet and other places throughout the apartment. The record also established that, after being told how much money the officers collected from the apartment, Gumbs told an officer that they "got all of it." App'x at 416. In the face of such evidence, Gumbs cannot establish "grave doubt about whether [the] trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (cleaned up). We thus deny Gumbs's habeas petition and need not consider whether the state court's harmlessness analysis survives AEDPA review. *See Brown*, 596 U.S. at 127 ("*Brecht* is only a necessary, not a sufficient, condition to relief.").

We have considered the remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4